IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MOORE | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1266 |
| LORIE DAVIS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Moore, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Moore named TDCJ-CID Director Lorie Davis; Beto I Unit property officer Sherri St. Pe; TDCJ-CID Chaplaincy Director Vance Drum; Beto I Assistant Warden Jimmy Bowman; Beto I Senior Warden Norris Jackson; unit grievance investigator Leann Irons; unit grievance investigator Christy Hoisington; assistant regional director C. Martinez; and Beto I Unit law library supervisor John Becraft.

**I. The Plaintiff's Claims and the Magistrate Judge's Report**

Moore complained that on May 9, 2016, Warden Jackson falsified a government document, a Step One grievance concerning Moore, with intent to impede or obstruct the investigation of a matter within the jurisdiction of a department or agency of the United States. That same day, Leann Irons, Christy Hoisington, and John Becraft also falsified a government record, a Step One grievance concerning Moore.

A month later, on June 8, 2016, regional director C. Martinez persuaded Leann Irons and Christy Hoisington to make false statements about a use of force against Moore by an officer named

Jones, with intent to impede the investigation and hinder, delay or prevent communication to a law enforcement officer or judge of the United States concerning the commission or possible commission of a federal offense. This alleged use of force had occurred almost a year earlier, on June 27, 2015. On June 30, 2016, Irons, Hoisington, and Becraft again falsified records denying a grievance. This action resulted in a lawsuit by Moore being dismissed for failure to exhaust administrative remedies.

On August 10, 2016, Moore contended that he went to the property room to get approved religious items, but property officer St. Pe would not give him a package he received from Dar-es-Salaam Publications. Moore argued this was retaliation by St. Pe, Warden Bowman, Vance Drum, and Lorie Davis for a lawsuit which Moore had been part of almost 30 years earlier, relating to the provision of religious services for Muslims. Moore maintained that the Defendants acted in bad faith, which he claimed is a state law cause of action brought under the pendent jurisdiction of the Court and which defeats qualified immunity. He sought declaratory and injunctive relief as well as compensatory and punitive damages.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that Moore's lawsuit be dismissed. The Magistrate Judge observed that Moore has previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, giving him three strikes within the meaning of 28 U.S.C. §1915(g). *See Moore v. Cockrell*, et al., 273 F.3d 1103, 2001 U.S. App. LEXIS 30716, 2001 WL 1075975 (5th Cir., August 23, 2001) (stating that Moore has three strikes). As a result, Moore is barred from proceeding under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

The Magistrate Judge stated that in this regard, allegations of past harms do not suffice, but the harm must be imminent or occurring at the time the complaint or notice of appeal is filed. The

2

exception refers to a genuine emergency where time is pressing. Because Moore did not show that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit, the Magistrate Judge recommended that Moore's application for leave to proceed *in forma pauperis* be denied and that Moore's lawsuit be dismissed.

**III. Moore's Objections and Later Pleadings**

A.Moore's First Set of Objections

In his first set of objections, Moore complains first that he did not consent to having the Magistrate Judge hear his case. The case was referred to the Magistrate Judge for pre-trial matters and no consent is required for such a referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

Next, Moore asserts that he filed his lawsuit under the imminent danger exception, stating that he was granted leave to proceed *in forma pauperis* in a lawsuit which he previously filed, styled *Moore v. Director, TDCJ-CID, et al.*, cause no. 6:15cv656 (E.D. Tex.). That case concerned the alleged use of force by Officer Jones as well as officers named Fuge, Moore, and Lucas, none of whom are named as defendants in the present lawsuit.

Furthermore, the original complaint in cause no. 6:15cv656 was postmarked on June 29, 2015, and the cover letter attached to the original complaint in the present case is dated November 1, 2016. Whether or not Moore was in imminent danger of serious physical injury in June of 2015 has no bearing on whether or not he was in imminent danger of serious physical injury in November of 2016, a year and a half later. This objection is without merit.

Moore characterizes the Magistrate Judge's Report as "thin to the point of pretext," speculating the Report is "acting as a cover, allowing the State to close its eyes to facts in an effort to evade or avoid an obvious truth." He states that "plaintiff Moore with no help of any kind for checking the authority of government overseers is not just embedded with value, but it is exemplary responding to the highest calling of the legal profession, which is to give meaning to the term equal justice under law carved in stone on under every courthouse." The Fifth Circuit has held that

§1915(g) does not violate a prisoner's right of access to court or deprive litigants of equal protection. *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997). Moore offers nothing to substantiate his claim that the Report is "acting as a cover." This objection is without merit.

After noting that *pro se* litigants should have their pleadings read with liberality, Moore argues that his pleading shows imminent danger. He states that he "constantly lives in fear of being assaulted by the Defendants," even though he does not allege that any of the Defendants named in this lawsuit ever assaulted him and he indicates that the alleged assault by Jones and the other officers took place well over a year prior to the filing of the current lawsuit. Prisoners cannot exempt themselves from the operation of §1915(g) by claiming they are in "imminent danger" at all times and under all circumstances. *Murphy v. Massenburge*, civil action no. 6:16cv1006, 2017 U.S. Dist. LEXIS 3091, 2017 WL 82550 (E.D.Tex., January 9, 2017); *Calton v. Wright*, civil action no. 6:12cv344, 2012 U.S. Dist. LEXIS 107329, 2012 WL 3135682 (E.D. Tex., June 29, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 107324, 2012 WL 3135675 (E.D.Tex., August 1, 2012, appeal dismissed), *citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). This objection is without merit.

Next, Moore asserts that prisoners do not incur a strike under §1915(g) unless the entire lawsuit is dismissed as frivolous, malicious, or for failure to state a claim, according to the Seventh Circuit in *Turley v. Goetz*, 625 F.3d 1005 (7th Cir. 2010). Regardless of the Seventh Circuit's definitions of strikes, the Fifth Circuit has specifically held that Moore has three strikes and is therefore covered by §1915(g). This objection is without merit.

B. Moore's Second Set of Objections

In his second set of objections, Moore contends that he has set out allegations of past attacks by an unnamed officer, allegations of threats made by other officers, and a claim for damages for the physical harm posed to Moore by other officers. He states that his complaint provided allegations of imminent danger experienced at the time the original incident took place on June 27, 2015, when officers Fuge, Moore, Jones, and Lucas assaulted him without provocation.

4

The Fifth Circuit has expressly rejected the theory that the "imminent danger" is determined at the time of the alleged incident rather than the time of the filing of the complaint or appeal. *Baños*, 144 F.3d at 885; *see also King v. Livingston*, 212 F.App'x 260, 262, 2006 U.S. App. LEXIS 30383, 2006 WL 3627075 (5th Cir., December 11, 2006) (allegations of past attacks by inmates and prison officials allegedly occurring six weeks before the complaint was filed were insufficient to establish imminent danger). In *Abdul-Akbar*, the Third Circuit held that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," failed to sufficiently allege imminent danger.

Moore cannot plausibly allege that an alleged use of force incident in June of 2015 placed him in imminent danger as of the time he filed this lawsuit in November of 2016, particularly in light of the fact that he did not sue any of the individuals he claims were involved in this incident. The Fifth Circuit has held that the allegation of imminent danger must relate to the claims forming the basis of the complaint. *Judd v. Federal Election Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009). This objection is without merit.

C. Moore's Motion for Leave to Amend

Moore filed a motion for leave to amend his complaint on April 24, 2017. The proposed amended complaint repeats his claims against the named Defendants in the present lawsuit and adds his claims against Fuge, Moore, Jones, and Lucas for the alleged assault on June 27, 2015. None of the allegations in the proposed amended complaint are sufficient to show that Moore was in imminent danger of serious physical injury as of the filing of his original complaint or the filing of the proposed amended complaint. *See Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31288, 2011 WL 1113496 (E.D.Tex., March 24, 2011). Because Moore has failed to make such a showing, his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g.,*

*Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152, 2012 WL 987562 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal).

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.** So **ORDERED** and **SIGNED** this **17** day of **May, 2017.**

_____

Ron Clark, United States District Judge

6